UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA CARY MYERS,<br><br>                            Plaintiff,<br><br>    v.<br><br>RODGER WHOMES, ESQ.,<br><br>                            Defendant. | Case No. 3:16-cv-115-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's application to proceed in forma pauperis (Electronic Case Filing (ECF) No. 1) and pro se complaint (ECF No. 1-1).

### I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed *in forma pauperis*. The application shall be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

> When a prisoner seeks to proceed without prepaying the filing fee:
> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2).Notwithstanding the foregoing:

> [I]f a prisoner brings a civil action...in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff's financial certificate reveals that his average monthly balance is $79.45, and his average monthly deposits are $109.21. (ECF No. 1 at 5.) Plaintiff's application to proceed in forma pauperis should be granted; however, Plaintiff is required to pay an partial initial filing fee in the amount of $21.84, and is required to pay the remainder of the filing fee over time pursuant to 28 U.S.C. § 1915.

**B. SCREENING**

Under 28 U.S.C. § 1915A, the court is required to "review, before docketing, if feasible, or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. In such a review, the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--(1) is frivolous,

malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff files this action pursuant to 28 U.S.C. § 1983, against Rodger Whomes, Esq, in his individual capacity. (ECF No. 1-1.) He alleges that Mr. Whomes was acting as counsel for Plaintiff (in an underlying criminal action), and conspired with Christan Wilson and Jennifer P. Noble in coercing Plaintiff into taking a plea deal. (*Id.* at 3, 4.) He asserts that Mr. Whomes served as a prosecutor for twenty plus years and was masquerading as a defense attorney to scare defendants into taking plea deals. (*Id.* at 4.) Plaintiff alleges that in doing so, Mr. Whomes violated his due process rights under the Fifth, Eighth, and Fourteenth Amendments. (*Id.* at 4-6.)

Insofar as Plaintiff is asserting a claim of ineffective assistance of counsel, such a claim is properly raised in a petition for writ of habeas corpus, following exhaustion of applicable state remedies. *See* 28 U.S.C. § 2254.

To the extent Plaintiff is challenging his conviction as a result of entry into a plea deal, his claim is barred. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). Plaintiff alleges that he is still in custody of the Nevada Department of Corrections, and that his conviction is invalid due to Mr. Whomes coercing him into a plea deal. The success of this claim implies the invalidity of his conviction. Therefore, this action should be dismissed; however, the dismissal of the action is without prejudice so that Plaintiff may renew it in the event he succeeds in invalidating his conviction. *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (citing *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995)).

In the event Plaintiff is successful in invalidating his conviction and seeks to renew this action, he is advised that Mr. Whomes passed away in January of 2014. If Plaintiff is able to renew this action in the future, he must first determine whether his claims survive Mr. Whomes's death, and if so, sue the proper defendant. *See* Fed. R. Civ. P. 25.

///

- 4 -

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

(1) **GRANTING** Plaintiff's application to proceed in forma pauperis (ECF No. 1); however, pursuant to pursuant to 28 U.S.C. § 1915(b), he is still required to pay the full amount of the filing fee over time. Within thirty days of the date of any order adopting and accepting this report and recommendation, Plaintiff should be required to pay an initial partial filing fee of $21.84. Thereafter, Plaintiff should be required to make monthly payments of twenty percent of the preceding month's income credited to his account to be forwarded by the agency having custody over Plaintiff to the Clerk of this court each time the amount in Plaintiff's account exceeds $10 until the filing fee is paid.

(2) Directing the Clerk to **FILE** the complaint (ECF No. 1-1); and

(3) **DISMISSING** the action **WITHOUT PREJUDICE**, and administratively close this action.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED:  March 10, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE