UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA CARY MYERS,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　v.<br>RODGER WHOMES, ESQ.,<br>　　　　　　　　　　　　Defendant. | Case No. 3:16-cv-00115-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

**I.    SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 3) ("R&R") relating to plaintiff's application to proceed *in forma pauperis* (ECF No. 1) and *pro se* complaint (ECF No. 1-1). The Court has reviewed Plaintiff's objection (ECF No. 7). The Court accepts and adopts the R&R in full.

**II.   BACKGROUND**

Plaintiff asserts claims under 28 U.S.C. § 1983 against Rodger Whomes, his former attorney in his state criminal action, based on allegations that Whomes forced him to take a plea deal. (ECF No. 1-1.) Plaintiff's allegations are further detailed in the R&R, which this Court adopts. (ECF No. 3.)  Plaintiff filed a proposed amended complaint after the Magistrate Judge issued the R&R. (ECF No. 4.)  The gravamen of the claims in the proposed amended complaint is the same as in the complaint which the Magistrate Judge screened — the claims are based on allegations that Whomes forced Plaintff to take a plea deal. (ECF No. 4.)

## III. DISCUSSION

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Plaintiffs' objections, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's recommendation. Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review*. See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

In light of Plaintiff's objection to the R&R, the Court has conducted a *de novo* review to determine whether to adopt the Magistrate Judge's recommendations. The Magistrate Judge recommends granting Plaintiff's application to proceed *in format pauperis,* filing the complaint and dismissing the action without prejudice because Plaintiff's claims are barred under *Heck v. Humphrey,* 512 U.S. 477 (1994). (ECF No. 3 at 4.) "The holding in *Heck* applies . . . where 'a judgment in favor of the plaintiff would

///

1 necessarily imply the invalidity of his conviction or sentence.'" *Weilburg v. Shapiro*, 488
2 F.3d 1202, 1206 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 487).[1]

In his objection, Plaintiff argues that his claims are not precluded under *Heck* because a judgment in his favor would not invalidate his conviction.[2] (ECF No. 7 at 2.) He argues that his constitutional rights were violated as a result of Whomes' refusal to file a motion to withraw Plaintiff's guilty plea and Whomes' subsequent withdrawal from representing Plaintiff in the criminal case. (*Id.* at 2-3.) If Whomes violated Plaintiff's constitutional rights by refusing to file a motion to withdraw Plaintiff's guilty plea and by his withdrawal from representing Plaintiff, then Plaintiff's conviction could not have been valid. The Court thus agrees with the Magistrate Judge that a judgment in Plaintiff's favor would necessarily invalidate his conviction. Accordingly, the Court will adopt the R&R.

**IV.  CONCLUSION**

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 3) is accepted and adopted in its entirety.

It is further ordered that plaintiff's application to proceed *in form pauperis* (ECF No. 1) is granted; however, pursuant to pursuant to 28 U.S.C. § 1915(b), he is still required to pay the full amount of the filing fee over time. Within thirty (30) days of the date of this order, Plaintiff will be required to pay an initial partial filing fee of $21.84. Thereafter, Plaintiff will be required to make monthly payments of twenty percent of the preceding month's income credited to his account to be forwarded by the agency having custody over Plaintiff to the Clerk of this Court each time the amount in Plaintiff's account exceeds $10 until the filing fee is paid..

It is further ordered that the Clerk detach and file the complaint (ECF No. 1-1).

---

[1] The holding does not apply in cases where the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2003).

[2] Plaintiff acknowledges that the R&R correctly found that to the extent Plaintiff is asserting a claim of ineffective assistance of counsel, the claim is properly raised in a petition for writ of habeas corpus. (ECF No. 3 at 4; ECF No. 7 at 1.)

It is further ordered that the complaint is dismissed without prejudice.

The Clerk is directed to close this case.

DATED THIS 17th day of May 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE